**ARIZONA FARMWORKERS UNION,
an Arizona corporation,
Plaintiff-Appellant,**

v.

**William BUHL, Regional Administrator, United States Department of Labor; James Glasgow, Director, Immigration and Naturalization Service, Department of Justice, in their official capacities, Defendants-Appellees.**

**and**

**Mesa Citrus Growers, Inc., Real Party in Interest-Appellee.**

**No. 83–2531.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1984.

Decided Nov. 20, 1984.

Browning, Chief Judge, concurred and filed opinion.

Victor Aronow, Nadine Wettstein, Phoenix, Ariz., for plaintiff-appellant.

Thomas Crowe, Phoenix, Ariz., Bette J. Briggs, U.S. Dept. of Labor, Washington, D.C., for defendants-appellees.

Before BROWNING, DUNIWAY, and SNEED, Circuit Judges.

SNEED, Circuit Judge:

The Arizona Farmworkers Union (AFU) appeals from the district court's judgment based on a ruling that a Department of Labor (the Department) regulation, 20 C.F.R. § 655.212, does not violate the AFU's right to due process under the Fifth Amendment. The challenged regulation provides an employer with an expedited review of the Department's refusal to grant a labor certification that allows the employer to obtain visas for temporary foreign workers. We affirm.

## I.

### REGULATORY OVERVIEW

Employers wishing to use temporary foreign workers must file visa petitions for such workers with the appropriate Immigration and Naturalization Service (INS) District Director. 8 C.F.R. § 214.2(h)(1). *See generally* Immigration and Nationality Act of 1952, as amended, 8 U.S.C. §§ 1101 *et seq.* (1976). The petitioning employer must also obtain from the Secretary of Labor either a "labor certification" stating that "qualified persons in the United States are not available" and that the proposed employment of aliens "will not adversely affect the wages and working conditions of workers in the United States similarly employed," or a notice stating that such a certification cannot be made. 8 C.F.R. § 214.2(h)(3)(i). The Department will not grant the necessary certification if the job to be filled by the foreign worker is "[v]acant because the former occupant is on strike or being locked out in the course of a labor dispute," or the job opportunity is "[a]t issue in a labor dispute involving a work stoppage." 20 C.F.R. § 655.203(a).

In order to obtain the Department certification, an employer initially must file an application with a local office of the state employment service. 20 C.F.R. § 655.-200(a). This state agency ascertains the availability of domestic workers for the employer's job and, when possible, recruits domestic workers for the employer's job. 20 C.F.R. § 655.204(b). The Department's Regional Administrator (RA) evaluates the temporary labor certification application based in part upon domestic employment information provided by the state employment agency.

If the RA denies certification, the employer may request an expedited administrative review under 20 C.F.R. § 655.212. An Administrative Law Judge (ALJ) conducts this review within five working days of receipt of the case file from the RA.

The ALJ assesses the legal sufficiency of the RA's decision based upon the "written record and due consideration of any written memorandums of law submitted." The ALJ cannot receive additional evidence or remand the case.

## II.

### FACTS

Mesa Citrus Growers, Inc. (Mesa Citrus) is an organization of citrus growers doing business in Arizona. In the spring of 1980, Mesa Citrus filed applications with the Arizona Department of Economic Security (DES) in an effort to obtain temporary labor certification of 118 foreign workers for the following harvest season. The DES recruited nine members of the AFU to work at Mesa Citrus. The AFU members were hired and had worked for less than an hour when they walked off the job and began a strike for improved working conditions.

Subsequently, the DES determined for purposes of Mesa Citrus's temporary labor certification application that a labor dispute existed. Accordingly, the RA denied Mesa Citrus's application. Mesa Citrus sought expedited review of the denial pursuant to 20 C.F.R. § 655.212. The AFU was not notified of the request for review.

On review, the ALJ reversed the RA's decision, holding that the denial of certification was not supported by the written record. The ALJ concluded that the labor dispute involved only two positions and affirmed the RA's denial of certification with respect to these two positions. Accordingly, the ALJ granted certification for all workers sought by Mesa Citrus, less the two positions vacated by the striking AFU members. Thereafter, the INS District Director approved Mesa Citrus's petition for nonimmigrant visas based upon the temporary labor certification.

The AFU filed this action for injunctive and declaratory relief. Following the dismissal of the claim for injunctive relief as moot, a holding reversed by this court, the district court, on remand from this court, upheld the constitutionality of the expedited review procedure.

## III.

### DISCUSSION

The AFU asserts that, because the regulatory scheme for reviewing the Department's decisions on temporary labor certification applications does not provide for notice to unions or direct intervention by them, it deprives unions and their members of a liberty or property interest associated with the right to strike without due process of law. We will assume, without deciding, that a decision by an ALJ to reverse a RA's decision deprives a striking union and its members of a liberty or property interest by reducing the effectiveness of the strike. We find, however, that the procedures outlined in the regulations comply with the due process requirements of the Fifth Amendment.

■ The requirements of the due process clause vary with the private and governmental interests at stake and the circumstances of the alleged deprivation. *See, e.g., Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."); *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961) ("'"[D]ue process," unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 162, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring)).

■ Courts evaluate the adequacy of a challenged procedure under a three factor test established by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under this test, we must examine:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903. Application of this three factor test leads us to the conclusion that the challenged procedure is adequate.

■ It is clear to us that the private interest at stake is relatively modest in scope and importance. The challenged procedure does not substantially impair the union's ability to conduct its organizing activities. It is quite likely that any impairment is due more to the existence of the foreign workers program than to the procedure here challenged. Under these conditions, a fairly simple procedure is adequate. For example, in *Mathews,* termination of social security disability payments without an evidentiary hearing was permitted because the recipient's other resources, including possible eligibility for other forms of public support, substantially cushioned the loss. The private interest at stake was relatively modest. So it is here. It is not, for example, comparable to the interest at issue in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), where terminating a recipient's welfare payments was tantamount to terminating his sole means of support.

The second factor, "the fairness and reliability of the existing procedures, and the probable value, if any, of additional procedural safeguards," *Mathews,* 424 U.S. at 343, 96 S.Ct. at 907, points in the same direction. The issue whether the jobs at stake are vacant due to a strike or other labor dispute is one within the expertise of both the state employment agency and the RA. The AFU was entitled to, and did, participate in the factfinding procedure. It submitted evidence to the DES

which enabled it to be heard " 'at a meaningful time and in a meaningful manner.' " *Id.* at 333, 96 S.Ct. at 902 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 902, 14 L.Ed.2d 62 (1965)). This opportunity was not stultified by the review at the ALJ stage. That review was on a closed record; moreover, 20 C.F.R. § 655.-212(a) expressly precludes the receipt of additional evidence or remand to the RA.

The government's, and the public's interest is well served by the procedure being challenged. The certification decision requires rapid resolution because usually a highly perishable crop awaits harvesting. The necessity for quick decisionmaking is recognized by 20 C.F.R. § 655.206(a), which requires the RA to render his decision "by [the] 60th day of the recruitment period, or 20 days before the date of need specified in the application, whichever is later." Also, should the RA deny certification, the ALJ must complete his review within five working days of receipt of the case file. 20 C.F.R. § 655.212(b). A requirement that the ALJ defer review until sufficient notice has been given to all those who possibly would be affected by his decision and the provision of a right to be heard before that review was completed would frustrate the purpose of the procedure being challenged. We are not prepared to do this.

AFFIRMED.

BROWNING, Chief Judge, concurring:

I agree that the district court's judgment should be affirmed, but note that the issue presented is very narrow.

The Union alleges infringement only of the first amendment right of employees to associate, organize and strike. *Thornhill v. Alabama,* 310 U.S. 88, 102–03, 60 S.Ct. 736, 744–45, 84 L.Ed. 1093 (1940). The Union has not argued that the statutes and regulations directly involved here (8 U.S.C. §§ 1101(a)(15)(H)(ii) and 1182(a)(14); 20 C.F.R. §§ 655.0 *et seq.;* and 8 C.F.R. § 214.2(h)(3)), create an entitlement pro-

tected by due process. Whether such property interest exists and, if so, whether the procedures are constitutionally sufficient to protect it are issues not presented by this case.

Moreover, the Union's challenge is limited to a small segment of the certification process established by 20 C.F.R. § 655.200 *et seq.* and 8 C.F.R. § 214.2. The process has three parts: (1) an initial certification determination by a Regional Administrator of the Department of Labor; (2) an optional intermediate review stage by an Administrative Law Judge, also within the Department of Labor; (3) a final determination by the Immigration and Naturalization Service. The Union does not contend it was denied notice or an opportunity to participate in the first or third stages of the process. It challenges the adequacy only of stage two. The Union does not contend it was denied the opportunity to participate at the second stage since the district court interpreted 20 C.F.R. § 655.212 as permitting the Union to participate at this stage in the same way the employees participate—by submitting a legal memorandum to the ALJ. The adequacy of process at the second stage is challenged only because the regulations do not require that the Union be notified of the employer's request for review. Because stage two review is conducted on a closed record solely to determine the legal sufficiency of the stage one review determination, 20 C.F.R. § 655.212, and because the final decision is made only after stage three review, 8 C.F.R. § 214.2, I agree that failure to provide notice of the commencement of what is essentially an intra-agency "doublecheck" in a process that provides notice and participation in both prior and subsequent steps in the process, does not itself sufficiently impair the associational rights of the Union and its members to constitute a deprivation of those rights without due process, *Mathews v. Eldridge*, 424 U.S. 319, 340–42, 96 S.Ct. 893, 905–06, 47 L.Ed.2d 18 (1976), in light of the other factors mentioned by Judge Sneed.